OPINION
SLOVITER, Circuit Judge.
Appellant Ely Bell pled guilty to conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. § 846, and the District Court sentenced him to a below-Guidelines sentence of 100 months imprisonment. On appeal, Bell challenges only the reasonableness of his sentence. We will affirm.
I.
In 2007, federal and Pennsylvania law enforcement personnel commenced an investigation of a suspected drug trafficking ring in Bradford County, Pennsylvania. During the course of that investigation, Bell directly participated in the sale of crack cocaine to undercover officers. Following one such transaction, Bell and a co-conspirator were arrested. Ultimately, a six-count Indictment was returned against Bell and two coconspirators alleging a drug conspiracy to distribute in excess of five grams of cocaine base and related offenses.
In January 2008, pursuant to a written plea agreement, Bell pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846. The government agreed to drop the remaining charges in the Indictment, to amend the conspiracy count to reflect a non-specific amount of cocaine base, and to recommend a three-level downward departure for acceptance of responsibility. The government also moved for a downward departure of two levels for substantial assistance.
At Bell’s sentencing hearing, the District Court adopted, without objection from either party, the findings of the Pre-sentence Investigation Report (“PSR”) filed by the Probation Office.[1] In light of two prior felony drug convictions and a conviction for a crime of violence, Bell was categorized as a career offender under the Sentencing Guidelines. Including a three-level departure for acceptance of responsibility, Bell therefore faced an offense level of twenty-nine and a criminal history cate *839 gory of VI, resulting in an advisory Guidelines sentencing range of 151 to 188 months imprisonment. The District Court also granted the government’s motion for a two-level departure for substantial assistance, which reduced Bell’s Guidelines range to 180 to 162 months imprisonment.
The District Court then heard argument from both parties regarding an appropriate sentence in light of the sentencing factors contained in 18 U.S.C. § 3553(a). Bell emphasized his acceptance of responsibility, his very difficult upbringing — his parents separated when he was twelve, and he lived with his mother and aunt, who were both addicted to drugs, until he was moved to foster care — and his history of substance abuse and psychiatric illness, including a diagnosis of schizophrenia before age sixteen. Bell also noted that, as a consequence of his cooperation with the government in this case, he was assaulted in prison. In light of these factors, Bell requested a sentence of no more than eighty-four months imprisonment. The government conceded that Bell’s past was an important mitigating factor and recommended a sentence at the bottom of the Guidelines range in light of Bell’s extensive criminal history, the need for deterrence, and the need for public safety.
As noted above, the District Court imposed a sentence of 100 months imprisonment. The Court expressly found that Bell’s difficult past supported a reduced sentence, but also concluded that it must balance that past against his extensive criminal record and the need for deterrence. Accordingly, the Court imposed a substantially below-Guidelines sentence that was between the sentences requested by Bell and the government.[2]
II.
We review the reasonableness of a sentence under an abuse-of-discretion standard. See United States v. Tomko, 562 F.3d 558, 564 (3d Cir.2009) (en banc). We have outlined a three-step process for district courts to follow in imposing a sentence. First, the court must calculate the applicable Guidelines range. Second, it must rule on any motions for departures pursuant to the Guidelines. Finally, it must consider the § 3553(a) sentencing factors to determine the appropriate sentence. See id. at 567.
Here, Bell does not identify any procedural error by the District Court. Indeed, the District Court adopted the correct calculation of the Guidelines range contained in the PSR, granted the government’s motion for a downward departure for substantial assistance, and heard argument from the parties regarding the appropriate sentence. The District Court explained on the record its reasons for the sentence imposed, including specific reference to the most relevant § 3553(a) factors.
The crux of Bell’s argument on appeal is that the sentence imposed was substantively unreasonable because the “District Court failed to give enough weight to Bell’s mental condition, upbringing, battle with substance abuse, and the reality of his criminal history.” Appellant’s Br. at 11. However, “if the district court’s sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence.” Tomko, 562 F.3d at 568. Here, the District Court acted well within its discretion. Indeed, it imposed a substantially below-Guidelines sentence in light of the mitigating factors identified by Bell. The District Court struek a balance between those mitigating *840 factors, Bell’s extensive criminal history, and the need for deterrence. We cannot conclude that the Court’s weighing of these countervailing considerations was an abuse of discretion.
III.
For the above-stated reasons, we will affirm the judgment of conviction and sentence.

. Bell was sentenced under the 2007 version of the U.S. Sentencing Guidelines Manual.

. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).